IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACM PROPERTIES, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-_____ |
| THE AMERIS GROUP LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff ACM Properties, Inc. ("ACM") demands a trial by jury on all issues so triable and, for its Complaint against The Ameris Group LLC ("Ameris"), alleges as follows:

## NATURE OF THE ACTION

1.  This is an action seeking an injunction and money damages for trademark infringement, trade name infringement, unfair competition, trademark dilution and cyberpiracy under federal, state and common law. ACM brings this action because Defendant The Ameris Group LLC has unlawfully adopted, has used, and continues to use the business name and purported trademark THE AMERIS GROUP LLC and the domain name, <www.amerisgroup.com>, in connection with insurance brokerage services. Defendant's promotion and use of "AMERIS" as the most prominent element of its business name, domain name and trademark are likely to lead to confusion, mistake and deception with Plaintiff's parent name, AmerUs Group Co., and the name of certain of its affiliates, including without limitation AmerUs Life Insurance Company, AmerUs Annuity Group Co. and AmerUs Capital Management Group, Inc., all of which companies have the benefit of Plaintiff's family of AMERUS federally registered trademarks and its domain names, which all feature "AMERUS"

as the most prominent component. Plaintiff will suffer irreparable injury until and unless Defendant's infringing conduct is enjoined.

## PARTIES

2. ACM is a corporation organized and existing under the laws of Iowa, with its principal place of business at 699 Walnut Street, Des Moines, Iowa 50309. ACM affiliate AmerUs Life Insurance Company ("AmerUs Life"), a licensee of certain of ACM's federally registered trademarks and domain names, is authorized to conduct business in the State of Delaware by the Delaware Insurance Commissioner pursuant to 18 Del. C. § 505 *et seq.* and AmerUs Life Insurance Company does conduct business in the State of Delaware under ACM's federally registered trademarks and domain names.

3. Upon information and belief, Defendant Ameris is a Delaware limited liability company, with its principal place of business at 7631 Cheviot Road, Cincinnati, Ohio 45247-4036.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and § 1125 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## THE "AMERUS" NAME AND MARK

6. ACM is the owner of United States Trademark Registration No. 2,012,639 for AMERUS (STYLIZED); United States Trademark Registration No. 2,119,596 for AMERUS (STYLIZED); United States Trademark Registration No. 2,005,743 for AMERUS GROUP; United States Trademark Registration No. 2,117,842 for AMERUS LIFE; United States

Trademark Registration No. 2,119,594 for AMERUS LIFE (STYLIZED); and United States Trademark Registration No. 2,048,343 for AMERUS LIFE INSURANCE COMPANY. True copies of the Registration Certificates are attached at Exhibit A. Each registration has been incontestable since at least 2003.

7. ACM is the lawful owner of these registrations by virtue of an assignment from the predecessor-in-interest. True copies of these assignments are attached at Exhibit B.

8. ACM, and/or its predecessor, either directly or through its related companies, owns and operates twenty-one AMERUS formative Internet domain names, including, without limitation, <www.amerus.com>, <www.ameruslife.com> and <www.amerusgroup.com>. A true list of the AMERUS formative domain names is attached as Exhibit C.

9. ACM, and/or its predecessor, either directly or through its related companies, has used AMERUS business names and family of marks since at least 1995 and the AMERUS domain names since at least 1998, in connection with a wide variety of insurance and brokerage services, including for life insurance and underwriting services, as well as in connection with financial asset management and investment securities brokerage services.

10. ACM, and/or its predecessor, has devoted considerable resources and efforts to promote its AMERUS family of marks, trade names and domain names in connection with its insurance, brokerage, annuity and financial services.

11. As a result of their widespread public use and recognition, the AMERUS family of marks and trade names has become a valuable asset of Plaintiff and signifies the origin of the high quality services offered by Plaintiff.

## DEFENDANT'S WRONGFUL ACTS

12.     Ronald Elick became an independent agent of Plaintiff's affiliate AmerUs Life in late 2003. As an independent agent of AmerUs Life, Elick was familiar with the rules and limitations regarding the proper use of the AMERUS mark and the AmerUs trade name.

13.     On information and belief, Elick is also a partner, President, and Chief Executive Officer of Defendant. In late 2003, on or around the same time Elick became an independent agent of AmerUs Life, Defendant changed its name to The Ameris Group LLC. On information and belief, Defendant then adopted and began to promote the name THE AMERIS GROUP without Plaintiff's authorization or approval.

14.     On or about October 2004, AmerUs Life became aware that Defendant had adopted and was promoting the name THE AMERIS GROUP without Plaintiff's authorization or approval and in direct contravention of Defendant's obligations as an independent agent. In furtherance of Plaintiff's rights, Plaintiff through Peter Scanlon, Senior Vice President - Independent Agent Marketing, of AmerUs Life notified Defendant of his objection to Defendant's use of the AMERIS designation and subsequently terminated Defendant's agency with AmerUs Life.

15.     Defendant nevertheless persisted thereafter to use the AMERIS designation.

16.     Consequently, Plaintiff sent to Elick, as Defendant's President and Chief Executive Officer, a written demand to cease and desist from any future use of the AMERIS designation. A true copy of that demand attached as Exhibit D.

17.     Defendant responded to this demand through counsel, who represented that Defendant and AmerUs Life had reached an agreement that Defendant could continue to do business under the name THE AMERIS GROUP for health insurance without further objection

from Plaintiff. Counsel for Defendant further represented that Defendant used THE AMERIS GROUP designation only for the "incidental" sale of other insurance products and primarily for health insurance products. Those representations proved to be false and were false at the time they were made.

18. Defendant produced no written agreement or any other writing to support Defendant's misrepresentation.

19. Plaintiff has recently learned that Defendant has commenced operation of a website, located at <www.amerisgroup.com>, prominently displaying THE AMERIS GROUP designation in connection with a wide variety of insurance brokerage services.

20. Notwithstanding all of Plaintiff's demands to enforce its rights in and to the AMERUS family of marks and trade names, Defendant obstinately continues its deliberate, willful and intentional misappropriation of Plaintiff's AMERUS mark and AmerUs trade names and ACM's goodwill therein.

## COUNT I:
### Federal Trademark Infringement
### In Violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114

21. Plaintiff restates and realleges paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant's use of THE AMERIS GROUP designation is without the permission, consent or authorization of Plaintiff.

23. Defendant's actions constitute infringement of Plaintiff's federal trademark registrations in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and give rise to a likelihood of confusion, deception and mistake among the consuming public and trade as to the source, origin, sponsorship or affiliation of Defendant's business.

24. THE AMERIS GROUP designation is confusingly similar to Plaintiff's federally registered AMERUS family of marks and is likely to cause confusion, deception and mistake among consumers.

25. Upon information and belief, Defendant was aware of Plaintiff's and/or its predecessor's ownership and prior use of the AMERUS family of marks before its adoption of THE AMERIS GROUP designation. As such, Defendant's use thereof constitutes willful infringement.

26. If Defendant is not enjoined and restrained from its use and promotion of its name and marks related to THE AMERIS GROUP designation, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.

27. Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial.

**COUNT II:**
**Federal Trade Name Infringement and False Designation of Origin**
**In Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

28. Plaintiff restates and realleges paragraphs 1 through 20 above as if fully set forth herein.

29. Defendant's use of THE AMERIS GROUP designation is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or affiliation of Defendant's business.

30. Defendant's unauthorized use of THE AMERIS GROUP designation violates Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and constitutes the sale of goods or services bearing a false designation of origin.

31.     If Defendant is not enjoined and restrained from its use and promotion of its name and marks related to THE AMERIS GROUP designation, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.

32.     Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial.

### COUNT III: Dilution of Plaintiff's Trademark
### In Violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c)

33.     Plaintiff restates and realleges paragraphs 1 through 20 above as if fully set forth herein.

34.     Plaintiff's AMERUS mark is famous and distinctive as that term is used in § 43(c) of the Lanham Act 15 U.S.C. § 1125(c).

35.     Defendant's commercial use of the designation THE AMERIS GROUP mark is causing and will continue to cause dilution of Plaintiff's famous and distinctive AMERUS mark.

36.     Defendant began using the designation THE AMERIS GROUP long after Plaintiff's AMERUS mark became famous.

37.     Upon information and belief, Defendant's commercial use of the designation THE AMERIS GROUP demonstrates Defendant's willful intent to trade on Plaintiff's reputation and to cause dilution of Plaintiff's AMERUS mark.

38.     By reason of the foregoing, Defendant's actions have caused and continue to cause irreparable injury to Plaintiff's business reputation and are diluting the distinctive quality of Plaintiff's AMERUS mark, with consequent damage to Plaintiff and the business and goodwill symbolized by said trademark, in violation of 15 U.S.C. §1125(c), for which Plaintiff has no adequate remedy at law.

39.  If Defendant is not enjoined and restrained from its use and promotion of its name and marks related to THE AMERIS GROUP designation, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.

40.  Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial.

## COUNT IV: Cyberpiracy
### In Violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d)

41.  Plaintiff restates and realleges paragraphs 1 through 20 above as if fully set forth herein.

42.  The AMERUS trademark is distinctive and is closely associated with Plaintiff's twenty-one "amerus" formative domain name addresses, including without limitation <www.amerus.com>, <www.ameruslife.com> and <www.amerusgroup.com>.

43.  Upon information and belief, Defendant registered and commenced use of a nearly identical and a confusingly similar domain name, <www.amerisgroup.com>, in connection with insurance services that are closely related to Plaintiff's insurance services.

44.  Defendant registered and commenced use of <www.amerisgroup.com> after becoming an agent of Plaintiff's affiliate AmerUs Life in breach of the Independent Agent Contract.

45.  Defendant's actions in registering and commencing use of the domain name was done with the bad faith intent to profit from such use by trading off the goodwill that Plaintiff has accumulated in the AMERUS family of marks.

46.  If Defendant is not enjoined and restrained from its use and promotion of its domain name <www.amerisgroup.com>, Plaintiff and its goodwill and reputation will continue

to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.

47. Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial.

### COUNT V: Common Law and Delaware Statutory Law Trademark and Trade Name Infringement and Unfair Competition

48. Plaintiff restates and realleges paragraphs 1 through 20 above as if fully set forth herein.

49. The acts of Defendant as described above constitute unfair competition and palming off under the common law of the State of Delaware because Defendant, in bad faith, misappropriated Plaintiff's commercial advantage by infringement and dilution of Plaintiff's AMERUS family of marks, its AMERUS trade names and domain names.

50. Defendant's acts, as described above, constitute likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services; likelihood of confusion or misunderstanding as to the affiliation, connection, or association with, or certification, by Plaintiffs; representations that Defendant's goods or services have sponsorship, approval, status affiliation, or connection that Defendant does not have.

51. Defendant's acts, as alleged above, constitute willful engagement in deceptive trade practices, knowing them to be deceptive.

52. Defendant's acts, as described above, constitute deceptive trade practices in violation of 6 Del. C. § 2531 *et seq.*, and activities likely to injure Plaintiff's business reputation and to dilutee the distinctive quality of Plaintiff's AMERUS mark in violation 6 Del. C. § 3313.

53. Defendant's acts, as described above, constitute trademark infringement in violation of Delaware common law.

54.  Defendant's acts, as described above, constitute unfair competition in violation of Delaware law.

55.  If Defendant is not enjoined and restrained from its use and promotion of its name and marks related to THE AMERIS GROUP designation, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in whole by monetary damages.

56.  Plaintiff has been damaged by Defendant's acts complained of in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment as follows:

a.  preliminarily and permanently enjoining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(i)  marketing, promoting, printing, using, selling, distributing or otherwise disseminating, either directly or indirectly, any goods, services or materials of any sort in any medium of communication or reproducing or causing others to reproduce any products or packaging incorporating the AMERIS designation or any variation thereof and from offering for sale and selling goods and services incorporating the AMERIS designation or any variation thereof;

(ii)  manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods and/or services bearing the designation AMERIS or any designation confusingly similar to or dilutive of Plaintiff's AMERUS family of marks, trade names and domain names;

(iii) using any false or misleading designations of origin or false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion or display of its goods and/or services, under the AMERIS designation;

(iv) using the <www.amerisgroup.com> domain name or any domain name confusingly similar to the AMERUS family of marks;

(v) changing the servers associated with the <www.amerisgroup.com> domain name;

(vi) transferring the <www.amerisgroup.com> domain name to a third party other than to Plaintiff;

(vii) operating an Internet website at <www.amerisgroup.com>; or

(viii) engaging in any other activity constituting unfair competition with Plaintiff;

b. preliminarily and permanently enjoining and ordering Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them:

(i) to deliver to Plaintiff's attorneys or representatives for destruction all products, labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession or under its control bearing the designation AMERIS or any designation confusingly similar to or dilutive of Plaintiff's AMERUS family of marks, trade names and domain names;

(ii) to recall from all distribution channels in whichever form or medium all materials under the AMERIS designation or any variation thereof and providing proof of destruction of the infringing products/packaging;

(iii) to remove from all websites, advertising, catalogs, and promotional materials pictures and references of any products and services incorporating the infringing AMERIS designation or any variation thereof;

(iv) to transfer the <www.amerisgroup.com> domain name to Plaintiff;

(v) to provide Plaintiff with the login and password needed to access the <www.amerisgroup.com> domain name registration with Network Solutions, Inc.;

(vi) to file with the Court and serve on Plaintiff's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

(vii) to destroy the remaining inventory of products, advertising, marketing materials and/or packaging bearing the AMERIS designation or any variation thereof and to destroy all screens and the other equipment or tooling bearing same;

(viii) to provide Plaintiff with a statement sworn by Defendant's chief financial officer, within five days of the entry of such order, attesting to the type and quantity of services sold or otherwise provided by Defendant that incorporates the AMERIS designation or any variation thereof and the sales price of each sale;

c. granting such other relief as the Court deems appropriate to prevent the public from being misled or deceived;

d. awarding Plaintiff its damages caused by Defendant's manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion or display of goods and/or services bearing the designation AMERIS, and Defendant's total profit realized thereby, and that such award be trebled pursuant to 15 U.S.C. §§ 1114, 1117(a) 1117(b);

  e. awarding Plaintiff its damages caused by Defendant's registration, trafficking and use of the <www.amerisgroup.com> domain name, and that such award be trebled pursuant to 15 U.S.C. § 1117(a) and state law;

  f. awarding Plaintiff no less than the statutory damages in the amount of $100,000, pursuant to 15 U.S.C. § 1117(d);

  g. awarding Plaintiff no less than the attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and § 1117(b), and state statutory and common law;

  h. granting such other and further relief as the Court deems just and proper, together with attorney fees, interest, costs and disbursements of this action.

          YOUNG CONAWAY STARGATT &
          TAYLOR, LLP

          /s/ John W. Shaw
          _____
          John W. Shaw (No. 3362)
          Karen Pascale (No. 2903)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, DE  19899
          (302) 571-6600
          jshaw@ycst.com

OF COUNSEL:
BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
Frederick L. Whitmer
Monica B. Richman
900 Third Avenue
New York, New York  10022
(212) 895-2000

Dated:  December 13, 2005